# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SUN MICROSYSTEMS, INC., a Delaware corporation,

       Plaintiff,

v.

CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., a Delaware corporation, and DAVID YORK, an individual,

       Defendants.

---

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

---

Plaintiff, Sun Microsystems, Inc. ("Sun"), for its Complaint against Custom Hardware Engineering & Consulting, Inc. ("CHE") and David York ("York"), alleges, on knowledge with respect to its own acts and on information and belief and after a reasonable opportunity for further investigation or discovery gives rise to evidentiary support, with respect to all other matters, as follows:

### NATURE OF THE ACTION

1.     This is an action in law and equity for patent infringement arising out of Defendants' infringement of Plaintiff's U.S. Patent No. 6,023,507, in violation of the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*

#1183940 v1

## PARTIES

2. Plaintiff, Sun Microsystems, Inc. is a Delaware corporation having its principal place of business in Santa Clara, California, and offices in this District in Broomfield, Colorado.

3. Defendant Custom Hardware Engineering & Consulting, Inc. is a Delaware corporation with its principal place of business in Fenton, Missouri.

4. Defendant Custom Hardware Engineering & Consulting, Inc. also engages in business under the name CHE Consulting, Inc.

5. Defendant David York is a resident of the State of Missouri. York is the President and Chief Executive Officer of CHE, as well as its controlling stockholder. York is involved in the day to day operations of CHE.

## JURISDICTION AND VENUE

6. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

7. Defendant CHE is duly authorized to transact business in the State of Colorado and has a registered agent in the State of Colorado authorized to accept service of process. Moreover, CHE is transacting business within the State of Colorado, is committing acts of patent infringement within the State of Colorado, and/or is causing harm to Sun in the State of Colorado by its tortious acts described below. Therefore, this Court has personal jurisdiction over CHE under Colorado's long arm statute, C.R.S. § 13-1-124.

8. Defendant David York is committing acts of patent infringement within the State of Colorado, and/or is causing harm to Sun in the State of Colorado by its tortious acts described

below. Therefore, this Court has personal jurisdiction over York under Colorado's long arm statute, C.R.S. § 13-1-124.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b) in that the unlawful activities herein alleged were performed in whole or in part in this District and in that Defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

10. Sun design, manufactures and sells network computing solutions, including computer systems, software, and services.

11. CHE provides hardware and software maintenance and support services for computer systems manufactured and sold by various original equipment manufacturers ("OEMs"). Among the OEMs whose systems are serviced by CHE's products are Sun, IBM, EMC, HP, Dell, Compaq, Quantum, and Fujitsu.

12. One class of such maintenance and support services sold by CHE are automatic remote monitoring systems, whereby CHE provides a customer with hardware and software that enable CHE to remotely monitor the customer's system and automatically send back to CHE's facilities reports of any problems with that system.

13. By example only, and without limitation, CHE markets one such remote computer monitoring service to the owners of mass storage devices previously sold by Storage Technology Corporation ("StorageTek"). In this particular implementation, CHE performs remote system monitoring through the use of computers known as Library Event Manager ("LEM") and Enhanced Library Event Manager ("ELEM"). In 2005, Sun purchased all of the outstanding stock of StorageTek.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement – CHE)

14.  Sun incorporates by reference the allegations set forth in Paragraphs 1 through 13 of this Complaint.

15.  United States Patent No. 6,023,507 ("'507 patent") titled "Automatic Remote Computer Monitoring System" issued on February 8, 2000 to Michael J. Wookey. Sun is the owner by assignment of the '507 patent. A copy of the '507 patent is attached as Exhibit A to this Complaint.

16.  CHE has been and/or is now engaging in the following conduct in the United States and in this District: (1) making, using, offering to sell, and/or selling automatic remote computer monitoring systems including, without limitation, those that utilize computers known as LEM and ELEM; (2) unlawfully and actively inducing others to make, use, offer to sell, or sell automatic remote computer monitoring systems including, without limitation, those that utilize computers known as LEM and ELEM; and (3) unlawfully contributing to the use or sale by others of automatic remote computer monitoring systems, including, without limitation, those that utilize computers known as LEM and ELEM.

17.  Through such conduct, CHE has been, and still is, infringing at least the independent claims 1, 8, and 17 of the '507 patent. Additionally, after a reasonable opportunity for further investigation or discovery, Sun is likely to have evidentiary support that CHE has been, and still is, infringing one or more of the dependent claims of the '507 patent.

18.  Sun has suffered damages as a direct result of CHE's infringement.

19.     CHE's infringement of the '507 patent is willful, deliberate and wanton. Sun is therefore entitled to treble damages under 35 U.S.C. § 284, as well as reasonable attorneys' fees under 35 U.S.C. § 285.

20.     Sun has been, and will continue to be, irreparably harmed by CHE's infringement of the '507 patent unless this Court enjoins those infringing activities. Unless restrained and enjoined by this Court, CHE will persist in its activities, thereby causing Sun further irreparable injury for which Sun has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Patent Infringement – York)

21.     Sun incorporates by reference the allegations set forth in Paragraphs 1 through 20 of this Complaint.

22.     York is the President and Chief Executive Officer of CHE, as well as CHE's controlling stockholder.

23.     York established the business of CHE, which is to make use of hardware and software technology to maintain and service remote computer systems by means of automatic remote monitoring.

24.     In his role as the President and CEO of CHE, York has been and is now infringing at least the independent claims 1, 8, and 17 of the '507 patent by: (1) knowingly directing employees and/or agents of CHE to commit acts of infringement described above thus inducing them to infringe the '507 patent; (2) contributing to the infringement of the '507 patent by CHE, CHE's employees and/or agents and others; and (3) participating in and approving of the infringement by others of the '507 patent. Additionally, after a reasonable opportunity for further investigation or discovery, Sun is likely to have evidentiary support that York has been,

and still is, infringing one or more of the dependent claims of the '507 patent.

25. Sun has suffered damages as a direct result of the York's infringement.

26. York's infringement of the '507 patent is willful, deliberate and wanton. Sun is therefore entitled to treble damages under 35 U.S.C. § 284, as well as reasonable attorneys' fees under 35 U.S.C. § 285.

27. Sun has been, and will continue to be, irreparably harmed by York's infringement of the '507 patent unless this Court enjoins those infringing activities. Unless restrained and enjoined by this Court, York will persist in its activities, thereby causing Sun further irreparable injury for which Sun has no adequate remedy at law.

## DEMAND FOR JUDGMENT

WHEREFORE, Sun respectfully prays for judgment as follows:

A. For judgment that CHE and York have infringed the '507 patent;

B. For an award against CHE and York of damages to be proven at trial adequate to compensate Sun for their infringement of the '507 patent which shall include lost profits but in no event shall be less than a reasonable royalty for the infringing use of Sun's invention by CHE and York;

C. For judgment that CHE and York's infringement of the '507 patent was willful;

D. For an award increasing the damages awarded against CHE and York under Section B above by three times, in accordance with 35 U.S.C. § 284;

E. For a preliminary and permanent injunctions restraining and enjoining York and CHE and its divisions, subsidiaries, officers, agents, employees, and attorneys, and all those persons in active concert or participation with them, from infringing, inducing others to infringe, or contributing to the infringement of the '507 patent pursuant to 35 U.S.C. § 283;

F.      For an award of Sun's reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

G.      For an award of Sun's interests and costs; and

H.      For such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Sun demands a trial by jury for issues so triable.

DATED: August 28, 2006.

s/ Nancy J. Gegenheimer
Nancy J. Gegenheimer (Colo. Atty. Reg. No. 8981)
Ronald C. Gorsché, Jr. (Colo. Atty. Reg. No. 31871)
Lucky Vidmar (Colo. Atty. Reg. No. 34921)
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
Email:  nancy.gegenheimer@hro.com;
        ron.gorsche@hro.com;
        lucky.vidmar@hro.com


Clayton James (Colo. Atty. Reg. No. 26110)
Melissa Haapala (Colo. Atty. Reg. No. 33663)
SUN MICROSYSTEMS, INC.
500 Eldorado Boulevard
Broomfield, CO 80021
Telephone: (303) 272-7769
Facsimile: (303) 464-5211
Email:  clayton.james@sun.com;
        melissa.haapala @sun.com

Attorneys for Sun Microsystems, Inc.